16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Martins IDUSUYI, Defendant-Appellant.
 No. 92-5903.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: Dec. 16, 1993.
Decided: Jan. 10, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior Judge, sitting by designation. (CR-92-284-MJG)
 Randolph O'Neil Gregory, Sr., Baltimore, Maryland, for Appellant.
 Lynne A. Battaglia, United States Attorney, Robert R. Harding, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Martins Idusuyi appeals his conviction by a jury of one count of conspiracy to distribute and possession with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C.Sec. 841(a)(1) (1988). Idusuyi asserts that his indictment was defective in that it gave him insufficient notice of the nature and cause of the accusation against him in violation of the Fifth and Sixth Amendments of the United States Constitution. Because we find that Idusuyi failed to preserve his objection for appeal, we affirm his conviction.
 
 
 2
 * The oral motions made at trial by Idusuyi's counsel were based on inadequacies of the indictment for failure to name co-conspirators, and failure to advise Appellant of the alleged overt acts of conspiracy in which he was involved. First, we have held that there is no requirement that a conspiracy indictment name co-conspirators. United States v. American Waste Fibers, 809 F.2d 1044, 1046 (4th Cir.1987). In addition, Idusuyi's objections relate to discovery and must be raised prior to trial. Fed.R.Crim.P. 12(b)(4). Idusuyi has not asserted, and we do not find in the record before us, that such objection was made prior to trial.
 
 
 3
 Furthermore, Fed.R.Crim.P. 12(b)(2) requires that any objection based on a defect in an indictment, such as that made by Idusuyi here, must be made prior to trial. A review of the record before us does not reveal that Idusuyi lodged an objection to the indictment prior to trial. Moreover, Idusuyi does not argue on brief that he made the proper objection to the indictment prior to trial.
 
 
 4
 We find that Idusuyi failed to preserve for appeal the issue of the adequacy of the indictment.* Accordingly, we affirm his conviction.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We note that the indictment named some of Appellant's coconspirators, listed the locations of the drug transactions, and tracked the language of Sec. 841(a)(1). The failure to list overt acts was not error