**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5455

RAY LEVERN FIELDS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-95-6-S)

Submitted: May 28, 1996

Decided: June 27, 1996

Before HALL, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Hamilton, Deborah M. Thompson, OBER, KALER,
GRIMES & SHRIVER, Baltimore, Maryland, for Appellant.
Andrea L. Smith, OFFICE OF THE UNITED STATES ATTOR-
NEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ray Levern Fields was charged in a two count indictment. Count one charged him with conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C.A. § 846 (West 1996). Count two charged Fields with possession with intent to distribute heroin, 21 U.S.C.A. § 841 (West 1991 & Supp. 1996). Fields pled guilty to count one of the indictment, and as part of the plea agreement, the Government moved to dismiss count two. Following a Fed. R. Crim. P. 11 hearing, the court accepted Fields' plea. The court imposed a sentence of sixty-two months imprisonment, supervised release of four years with special conditions, and a special assessment of fifty dollars.

The State of Maryland charged Fields with possession with intent to manufacture or distribute heroin, also the underlying offense in the federal charges. He received a sentence of four years imprisonment, with three years and six months suspended. Fields served one month for the state charges. Upon Fields' guilty plea to the federal charge, Maryland agreed to dismiss the charges and closed the case on July 29, 1994. At sentencing before the district court, Fields did not receive criminal history points for the state charge and received a one-month credit for time served.

Appellant's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging whether the district court had jurisdiction over the charges, whether the indictment was legally sufficient, whether the guilty plea was valid (including whether the Rule 11 hearing was sufficient), and whether there was a sentencing error, but stating that in counsel's view there existed no non-frivolous grounds for appeal. Fields filed a pro se supplemental brief challenging whether he received effective assistance of counsel, whether his plea was voluntary, and whether the federal prosecution violated double jeopardy principles. Finding no error, we affirm.

I

Conspiracy to distribute and to possess with intent to distribute a quantity of heroin is an offense under the United States Code. 21

U.S.C.A. §§ 841(a)(1), 846 (West 1981 & Supp. 1996). United States district courts have jurisdiction over all offenses which are violations of federal law. 18 U.S.C. § 3231 (1988). Therefore, the district court had jurisdiction over the charges made in the indictment.

II

An indictment must apprise the accused of the essential elements of each charge against him. United States v. Pupo, 841 F.2d 1235, 1239 (4th Cir.), cert. denied, 488 U.S. 842 (1988). Ordinarily, an indictment which follows the language of the criminal statute is valid. United States v. American Waste Fibers Co., 809 F.2d 1044, 1046 (4th Cir. 1987). The indictment stated the time frame of the activity, the place of the offense, the other co-conspirators involved in the charges, the controlled substance involved, and cited the statutes violated. The indictment was therefore sufficient.

III

In his pro se supplemental brief, Fields states that his plea was not voluntary because he received ineffective assistance of counsel, and his attorney and the Government's attorneys demanded that he sign the plea agreement, although he refused to sign it at two earlier sessions. A claim of ineffective assistance is not cognizable on direct appeal unless counsel's deficiency clearly appears on the face of the record. United States v. DeFusco, 949 F.2d 114 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992). The defendant must receive reasonably competent assistance in the counseling of his guilty plea. A modified Strickland[1] error and prejudice test applies to errors in counseling guilty pleas. The prejudice element requires showing that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty. Hill v. Lockhart, 474 U.S. 52 (1985). Fields does not make any specific allegations of prejudice, nor does he claim that he would not have pled guilty without counsel's advice. The record does not clearly reflect ineffective assistance rendering Fields' guilty plea involuntary.

_____

**1 Strickland v. Washington**, 466 U.S. 668 (1984).

3

A guilty plea may also be invalid if the plea was induced by threats or misrepresentations. Brady v. United States , 397 U.S. 742 (1970). Fields states that his attorney and the Government attorneys "demanded" that he sign the agreement and "badgered" him. He states that his counsel told him that if he didn't sign the plea agreement, the judge would deny a suppression motion, the jury would find him guilty, and the judge would give him the maximum sentence. Fields stated during the Rule 11 hearing that no one had threatened him or forced him to plead guilty, and that statement is presumed to be true. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Fields' unsupported allegations on appeal are insufficient to overcome his sworn statements at arraignment. Therefore, we find that his plea was voluntary.

IV

Fields' appellate counsel stated that Fields' plea complied with Fed. R. Crim. P. 11. Fields alleges in his supplemental brief that the court did not make a factual basis determination, and merely read to Fields the conclusory statement of facts from the plea agreement. In reviewing the adequacy of compliance with Rule 11, this court accords "deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d at 116. Rule 11 violations are evaluated under the harmless error standard. Id. at 117. This court may vacate a conviction resulting from a guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. Id.

At the time the plea was entered, Fields was fifty-four years old with an eighth-grade education and fair reading ability that allowed him to read and understand all the documents in the case. He informed the court that he was not under the influence of drugs or alcohol. Fields stated that he was satisfied with his counsel's representation and the district court determined that Fields was competent to enter his plea.

The court ascertained that Fields understood what rights he was waiving by entering a guilty plea, and Fields acknowledged that he was aware of his rights. Count One of the indictment, to which Fields pled guilty, was read in open court. The court recited the elements of the offense that the Government would have to prove at trial. The

4

court also recited relevant information from the statement of facts included in the plea agreement the parties agreed that the Government would prove if the case went to trial.**2** The judge stated that after the executions of the warrants, Neverdon continued to traffic heroin and replaced Fields with Douglas Donahue after Fields was in jail. Intercepts were placed on Neverdon's and Donahue's phones and taped conversations implicated Fields in the conspiracy, and Fields was taped participating in drug-related conversations.

Fields argues that the judge's review of the factual basis for his plea did not establish the precise acts or conduct which constituted his offense, and that the statement of facts reviewed was conclusory. Considering the detailed review of the stipulated facts, we find that the district court made an adequate assessment of the factual basis for the plea.

The district court also carefully explained that the minimum penalty was five years and that the maximum penalty was forty years imprisonment, a two million dollar fine, and a fifty dollar special assessment, but that the Government was not seeking a fine or restitution, with the exception of the special assessment. The court stated that the prison term was without parole and would be followed by a term of supervised release of not less than four or more than five years.

The court discussed the application of sentencing guidelines and explained that it had the authority to depart from the guidelines in certain circumstances. The court further discussed the base offense level, and Fields' tentative criminal history category, pending the presentence report. Fields stated that he had reviewed the sentencing guidelines with his attorney and understood them.

_____

**2** Specifically, the court stated that Fields assisted Robert Neverdon with the distribution of heroin beginning before January 1993, was present when police executed a search warrant at the Neverdon residence where nine bags of heroin and nine thousand dollars in U.S. currency were found, and police executed a search warrant at Fields' residence where they found a pound of heroin, cutting agents, hundreds of glassine bags, and a triple beam scale.

Finally, the court discussed the plea agreement. Fields assured the court that he had adequate time to consider the agreement and decide whether to sign it. He denied that he was pleading guilty as a result of any force or threats. A review of the transcript reveals full compliance with Rule 11. Accordingly, Fields' claim of error is without merit.

V

Violations of 21 U.S.C.A. § 846 receive the same penalties as those prescribed for the underlying offense. Under 21 U.S.C.A. § 841(b)(1)(B), the sentence is a term of imprisonment of at least five years and no more than forty years. Therefore, the district correctly assessed the statutory minimum and maximum sentence.

The base offense levels for offenses involving drugs is found at USSG § 2D1.1. This section provides for a base offense level of thirty for offenses involving the distribution or possession with intent to distribute at least 700 grams but less than one kilogram of heroin. USSG § 2D1.1(c)(5). The stipulated facts of the plea agreement concluded that at least 999 grams of heroin was reasonably foreseeable to Fields. The pre-sentence report computed a two level reduction under § 3B1.2(b) based upon Fields' minor role in the conspiracy. The district court awarded an additional three-level reduction for acceptance of responsibility under § 3E1.1, bringing the base offense level down to twenty-five.

The pre-sentence report assessed four criminal history points. The district court, however, found only two points to be appropriate, and sentenced Fields under criminal history category II. The Guideline range was therefore sixty-three to seventy-eight months imprisonment. USSG Ch. 5 Pt. A. The Government agreed in the plea agreement to recommend a sentence in the low end of the guideline range, and honored its agreement. We find that the district court properly sentenced Fields to sixty-two months imprisonment. **3**

_____

**3** The district court awarded a one-month reduction for time Fields served while in jail on the state charges which were dismissed after Fields pled guilty to the federal charge.

VI

Fields' supplemental informal brief sets forth four additional claims of ineffective assistance of counsel. Fields claims that his trial counsel showed a lack of due diligence, and alleges that his attorney refused or waived motions for discovery. He further alleges that his attorney refused to independently investigate the case, "piggy-backed" on his co-defendants' counsel, and refused to present the issue of double jeopardy.

As discussed above, ineffective assistance claims are not properly raised on direct appeal unless it "conclusively appears" from the record that defense counsel did not provide effective representation. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992), cert. denied, 507 U.S. 942 (1993). Ineffective assistance is not apparent from the record in this case. Fields' ineffective assistance claims involve the failure to make an independent assessment of the case, or a refusal to conduct the case as Fields wished. At the re-arraignment, Fields stated that he was satisfied with his counsel's efforts and that there was nothing that he asked his counsel to do that his counsel failed, refused, or neglected to do. We therefore decline to consider this argument on direct appeal.

VII

Finally, Fields alleges that the simultaneous prosecution of both the state and federal charges for the same underlying offense violates double jeopardy principles. Fields claims that the state prosecution served as a tool for the federal prosecution, and therefore the dual sovereignty doctrine should not apply.

The Fifth Amendment states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Under the "dual sovereignty" concept, a federal prosecution does not bar a subsequent state prosecution of the same person for the same act, and a state prosecution does not bar a federal action. Bartkus v. Illinois, 359 U.S. 121 (1959); United States v. Iaquinta, 674 F.2d 260 (4th Cir. 1982).

7

Maryland dismissed the state charges when Fields pled guilty to the federal charges based upon the same offense, Fields did not receive criminal history points for the dismissed state charges during sentencing, and he received a one-month credit for the time he served on the state charges. Although Fields alleges that the Maryland prosecution merely acted as a tool for the federal prosecution, he offers no evidence in support of this claim. We find that the federal prosecution did not violate double jeopardy principles.

VIII

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal. The court requires that counsel inform their client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We affirm the district court's judgment order. We deny Appellant's motion to appoint new counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

8