UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4703

TOMMY LEE MCBRIDE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Frank W. Bullock, Jr., Chief District Judge.
(CR-96-264)

Submitted: February 23, 1999

Decided: March 18, 1999

Before ERVIN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Wayne Richard Hartke, HARTKE & HARTKE, Falls Church, Vir-
ginia, for Appellant. Walter C. Holton, Jr., United States Attorney,
Paul A. Weinman, Assistant United States Attorney, Winston-Salem,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Tommy McBride appeals his jury conviction for conspiring to distribute powder cocaine in violation of 21 U.S.C.§ 846 (1994). The jury heard evidence that McBride caused others to bring cocaine into the Mount Airy, North Carolina, area and sold it from 1989 until 1996. McBride challenges his conviction and sentence on several grounds. Finding no reversible error, we affirm.

McBride first seeks to attack the validity of the search warrant for his home. He argues that the search warrant affidavit contained false allegations of his drug activity. However, he failed to file in the district court a motion to suppress the evidence obtained from this search. His failure to file the motion to suppress results in waiver of the issue on appeal. See United States v. Wilson , 115 F.3d 1185, 1190 (4th Cir. 1997); Fed. R. Crim. P. 12(b)(3), (f). McBride never sought relief below for his default by showing cause and fails to establish plain error on appeal. The reasoning underlying McBride's conclusion that the affidavit contained false allegations suffers from a fatal flaw. The failure of the officers to find cocaine in McBride's residence during the search does not establish the falsity of the informant's statements referred to in the search warrant affidavit, which were that the informant had earlier purchased cocaine from McBride at his residence. Therefore, McBride has failed to show that the district court committed plain error by admitting into evidence testimony concerning the $26,000 in cash found during the search.

McBride next challenges the sufficiency of the evidence to support his conspiracy conviction. He claims that for several reasons, such as because one of the government's witnesses admitted that she lied to the grand jury and because many of the witnesses stood to gain from testifying against him by receiving reduced sentences, the jury should not have believed the government's evidence. However, "[c]redibility determinations are within the sole province of the jury and are not susceptible to judicial review." See United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995). If the government's witnesses are believed, there was sufficient evidence to support his conspiracy conviction. The government's evidence showed that McBride agreed

2

with at least Judy King and Edgar France to purchase cocaine in New York City, have it transported to North Carolina, and to distribute it in the Mount Airy area. See United States v. Mills, 995 F.2d 480, 483 (4th Cir. 1993) (stating elements of conspiracy). Thus, this claim fails.

McBride also contends that he was prejudiced by the publication of a newspaper article in the Mount Airy News . The article recounted the evidence that had been given at trial against McBride which linked him to the distribution of cocaine. The article was published the day before the jury returned its guilty verdict. McBride complains that the trial judge made no determination whether this publicity created a danger of substantial prejudice to him. See United States v. Burchinal, 657 F.2d 985, 997 (8th Cir. 1981). This article was not brought to the attention of the trial judge, thus we review for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993); Fed. R. Crim. P. 52(b). McBride fails to establish plain error. He fails to show that any likelihood exists that any juror saw this article published in Mount Airy when the trial was being held in Greensboro, North Carolina. McBride cannot now fault the district court for not inquiring into the effect of this article when he made no attempt below to draw the court's attention to it.

A grand jury returned a true bill of indictment against McBride, finding that he "and divers other persons, known and unknown to the Grand Jurors," conspired to distribute cocaine. McBride contends that his indictment was defective because it failed to name any other specific person that he conspired with. The record contains no showing that McBride challenged the validity of his indictment before trial as Rule 12 requires. See Fed. R. Crim. P. 12(b)(2). This argument is therefore waived on appeal. See Fed. R. Crim. P. 12(f). Moreover, we have previously approved of such language in a conspiracy indictment. See United States v. American Waste Fibers Co., 809 F.2d 1044, 1046 (4th Cir. 1987).

McBride's final three claims relate to his sentencing. He first contends that the district court erred by enhancing his sentence under United States Sentencing Guidelines Manual § 3B1.1 (1995), for being a leader or organizer of criminal activity. We review this claim for clear error. See United States v. Daughtrey , 874 F.2d 213, 217 (4th Cir. 1989). The four-level enhancement was proper if McBride

3

"was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). The district court found, in applying this guideline section, that McBride directed the activities involving drugs for resale of seven persons. The evidence supports the district court's finding that McBride was a leader or organizer of this extensive drug distribution activity in the Mount Airy area. We find no clear error in the four-level enhancement.

McBride next contends that the district court improperly calculated the amount of drugs for which he should be held responsible. This issue is also reviewed for clear error. See Daughtrey, 874 F.2d at 217. Below, McBride objected to the drug amounts to the extent they were based upon the allegedly unreliable testimony of Judy King and, to a much lesser extent, Darrell Leonard. The court specifically found King's testimony to be credible based on her demeanor under cross-examination and the corroboration offered at trial, including the unexplained, large amounts of money to which McBride had access. We find no clear error in the court relying on King's testimony. McBride failed to include any reference to Leonard in his written objections to the presentence report and at the sentencing hearing simply referred to Leonard's testimony as "generalized" but did not wish to argue the point. We find no clear error in the trial court relying upon Leonard's testimony in the face of an objection raised in this manner. Any other claims of error as to the drug amount were waived by not raising them below.

Finally, McBride objects to the court's enhancement of his offense level under USSG § 3C1.1 for obstruction of justice. This enhancement was made because the court found that McBride attempted to intimidate Judy King and Tommy Ceasar. McBride does not argue that attempting to intimidate a witness against him would not constitute obstruction. See USSG § 3C1.1, comment. (n.3(a)). Rather, his argument is that his purported conduct did not amount to an obstruction of justice because there are other possible interpretations of his actions. We review this claim for clear error. See United States v. Self, 132 F.3d 1039, 1041 (4th Cir. 1997), cert. denied, 118 S. Ct. 1573 (1998). King testified that after she was arrested for possessing cocaine which she was transporting for McBride, he came into the Hardee's restaurant in which she was working and told her that he did

4

not like people "telling lies on him" and that he would take a gun and blow their heads off. King testified that McBride was trying to get the point across that he did not want anyone telling anything on him and that she was scared by this encounter. We find no clear error in the district court's finding that this conduct was an attempt by McBride to intimidate a witness against him.

We therefore affirm McBride's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED