UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

HARRY CARLOS OWEN, a/k/a
Bushwacker,
　　　　　　*Defendant-Appellant.*

No. 01-4539

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-00-185)

Submitted: November 28, 2001

Decided: December 18, 2001

Before WIDENER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Matthew A. Victor, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Harry Carlos Owen appeals his jury convictions for conspiracy to distribute 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994) and using a telephone to facilitate the conspiracy, in violation of 21 U.S.C. § 843(b) (1994). Finding no error, we affirm.

Owen first asserts the district court abused its discretion in denying his motions to dismiss Count One of the Indictment and to strike references to individuals "known and unknown to the Grand Jury." We find no abuse of discretion.

Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to be a plain, concise and definite written statement of the essential facts constituting the offense charged. The subject indictment tracked the statutory language and cited the charging statute. As a general rule, this is sufficient. *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Fogel*, 901 F.2d 23 (4th Cir. 1990). The indictment alleged each element of the crime charged, where the crime was committed, and over what period of time the crime occurred. The indictment's reference to "known and unknown" co-conspirators does not render it invalid. *United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1046 (4th Cir. 1987).

Owen next contends there was insufficient evidence to convict him. This Court reviews a jury's verdict for sufficiency of the evidence by determining whether there is substantial evidence, when viewed in a light most favorable to the government, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Owen's co-conspirators testified that they bought, sold, and transported large amounts of marijuana for Owen over several years. Several police officers and investigators testified as to the amount of marijuana

bought and sold by Owen and his co-conspirators. In addition, several of Owen's co-conspirators testified that they organized drug deals over the phone with Owen. We find there was sufficient evidence to support the jury's verdict.

Owen further contends the district court clearly erred in determining the drug quantity for which he was responsible, *see United States Sentencing Guidelines Manual* § 2D1.1(a)(3) (2000); in imposing a two-level weapon enhancement, *see* USSG § 2D1.1(b)(1); a two-level role adjustment, *see* USSG §3B1.1(c); and a two-level use of a minor adjustment, *see* USSG § 3B1.4.

The district court's determination of the drug quantity attributable to a defendant is a factual finding reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). A conspiracy sentence under the guidelines must be calculated on the basis of all criminal activity undertaken in concert with others, including conduct of others in furtherance of the conspiracy that was known to Owen or reasonably foreseeable by him. *See United States v. Williams*, 986 F.2d 86, 90 (4th Cir. 1993).

Owen objected to the drug amounts to the extent they were based upon the allegedly unreliable testimony of several of his co-conspirators. The court specifically found their testimony to be credible. The credibility of a witness is a matter within the discretion of the fact finder and is generally not subject to appellate review. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). The testimony established Owen was involved with at least 1000 kilograms of marijuana. Therefore, we find no clear error.

Owen next contends the district court erred by enhancing his sentence under USSG § 3B1.1 for being a leader or organizer of criminal activity. We review this claim for clear error. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

The four-level enhancement was proper if Owen "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). The district court found that Owen directed the activities involving drugs for resale of at least nine persons. We conclude the evidence supports the district

court's finding that Owen was a leader or organizer of this extensive drug distribution activity. Therefore, we find no clear error in the four-level enhancement.

Owen next contends the district court erred in applying a two-level enhancement under USSG § 2D1.1(b)(1) for possessing a firearm during the commission of the offense. Owen argues there was no evidence he used the firearm in a drug-related activity. The determination that a weapon enhancement is warranted is a factual question subject to clearly erroneous review. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990). The evidence contained in the presentence report and presented at the sentencing hearing demonstrated that Owen kept several guns around his home to protect his large marijuana supply. This evidence was sufficient to satisfy the government's burden of proving that Owen possessed a firearm and the firearm's probable connection to the drug offense. *See* USSG § 2D1.1, comment. (n.3) (explaining that firearm enhancement should be applied if weapon is present "unless it is clearly improbable that the weapon was connected with the offense."). We therefore find that the district court did not clearly err in imposing the enhancement.

Owen next contends the district court erred in applying a two-level enhancement under USSG § 3B1.4 for using a minor to commit the offense. We review this claim for clear error. *Daughtrey*, 874 F.2d at 217. The district court credited the testimony of Owen's son that he was involved in the drug conspiracy since he was sixteen years of age. Because the credibility of a witness is a matter within the discretion of the fact finder and is generally not subject to appellate review, *Saunders*, 886 F.2d at 60, we find the district court did not clearly err in applying a two-level enhancement for use of a minor.

For these reasons, we affirm Owen's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*