# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

No. 03-4432

SCOTT MARSHALL,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-02-226)

Submitted: September 30, 2003

Decided: October 16, 2003

Before WIDENER, WILKINSON, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Charles R. Hamilton, CHARLES R. HAMILTON, ESQ., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Scott Marshall was convicted on one count of conspiracy to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court sentenced him to 210 months in prison. Marshall timely appealed. Finding no merit to his claims, we affirm.

At the trial, Marshall testified that he was in jail in Cabell County, West Virginia, for several months during the course of the conspiracy while he awaited trial on a malicious wounding charge stemming from a bar fight. To impeach Marshall's testimony, the government introduced Government Exhibit 5, certified copies of Cabell County, West Virginia, Magistrate Court records which showed that he spent a much shorter amount of time in the jail than he had originally represented. Marshall contends that the district court erred by admitting this exhibit because it was irrelevant, in that the government had already introduced other testimony and evidence concerning the duration of Marshall's time in the jail, and was highly prejudicial because Exhibit 5 contained details of the malicious wounding charge.

Government Exhibit 5 was relevant in that it impeached Marshall's attempt at a partial alibi that he was incarcerated during several months of the conspiracy. Fed. R. Evid. 401. Assuming arguendo that the evidence was improperly admitted as unfairly prejudicial under Rule 403 of the Federal Rules of Evidence, any error in admitting the exhibit was mitigated by the testimony of both Marshall and a government witness that the malicious wounding charge against Marshall had been dropped. Finally, this was not a close case. Absent Government Exhibit 5, there was overwhelming evidence of Marshall's guilt on the drug conspiracy charge. We therefore find that any error in admitting Government Exhibit 5 was harmless. *United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994).

Next, Marshall argues that the district court erred by denying his motion for judgment of acquittal, which he raised at the close of the government's case and again at the close of all evidence. Specifically, Marshall argues that the evidence was insufficient to support his con-

viction because two of the three witnesses who testified about Marshall's drug trafficking activities during the time of the conspiracy alleged in the indictment were not named as co-conspirators in the indictment. However, there is no requirement that a conspiracy indictment name all co-conspirators. *United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1046 (4th Cir. 1987). Second, Marshall argues that the testimony of the government witnesses was not credible. However, this Court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). Viewing the evidence in the light most favorable to the government, we find that, in light of the overwhelming evidence of Marshall's involvement in the drug conspiracy, the district court did not err by denying Marshall's motions for judgment of acquittal. *Glasser*, 315 U.S. at 80.

Finally, Marshall challenges the district court's refusal to make a downward departure from the guidelines range. A district court's decision not to depart from the Sentencing Guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to depart. *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999); *United States v. Wilkinson*, 137 F.3d 214, 230 (4th Cir. 1998). Marshall argues that the district court misunderstood its authority to depart under *U.S. Sentencing Guidelines Manual* § 5K2.0 (2002) based on the totality of the circumstances. A review of the sentencing hearing transcript reveals that the district court's refusal to depart downward was based on the facts Marshall presented at the sentencing hearing and not on any misapprehension of the law. The district court's decision therefore is not subject to appellate review.

For these reasons, Marshall's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*