**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4393**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYREK MONTEZ ARRINGTON,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:19-cr-00532-TDC-1)

───────────────

Submitted:  October 18, 2022                    Decided:  July 25, 2023

───────────────

Before AGEE and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Allen H. Orenberg, ORENBERG LAW FIRM, PC, Potomac, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Baltimore, Maryland, Dwight J. Draughon, Assistant United States Attorney, William D. Moomau, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrek Arrington challenges his conviction for Hobbs Act robbery. For the reasons that follow, we affirm.

First, Arrington argues that the district court erred when it denied his motion to dismiss the superseding indictment because the indictment was not specific enough to enable him to raise a double-jeopardy challenge to any future prosecutions. When reviewing the denial of a motion to dismiss an indictment, this Court reviews legal conclusions de novo and factual findings for clear error, and if the defendant challenged the indictment's sufficiency prior to the verdict, the Court applies heightened scrutiny. *United States v. Barringer*, 25 F.4th 239, 246 (4th Cir. 2022).

Because the superseding indictment indicates the date and time of the robbery, it is sufficient for double-jeopardy purposes. *See, e.g.*, *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (finding an indictment sufficiently specific to protect against double jeopardy where it specified the dates of the offenses and the drugs involved); *United States v. Vilar*, 729 F.3d 62, 81 (2d Cir. 2013) ("The indictment in this case sufficiently sets out the time and circumstances of the conspiracy and tracks the language of the statute charged."). Moreover, if necessary, Arrington could use information from the trial record to mount a double-jeopardy challenge to a later prosecution. *See United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987) ("When a Double Jeopardy bar is claimed, the court must examine not just the indictment from the prior proceeding but the entire record."). Therefore, the district court did not err in denying the motion to dismiss.

Second, Arrington argues that insufficient evidence supported his conviction such that the district court should have granted his motion for judgment of acquittal. We review the district court's denial of this motion de novo and will uphold a jury verdict "if, viewing the evidence in the light most favorable to the government, 'the verdict is supported by substantial evidence.'" *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022) (citation omitted).

Hobbs Act robbery requires "the unlawful taking or obtaining of personal property" from another person or in his presence, "against his will, by means of actual or threatened force, or violence, or fear of injury." 18 U.S.C. § 1951(b)(1). In this case, viewing the evidence in the light most favorable to the Government, Arrington took $200 from a CVS store by pointing a gun at and threatening to kill the pharmacist. Therefore, substantial evidence clearly supported his conviction. Further, while Arrington attempts to assert a voluntary intoxication defense, he points to no credible evidence that he was intoxicated during the robbery. Thus, the district court did not err in denying this motion either.[*]

For these reasons, we affirm the district court's denial of the motion to dismiss the superseding indictment and the motion for judgment of acquittal. We dispense with oral

---

[*] Arrington also argues that his intent was to rob the CVS to obtain drugs, not money. But Arrington waived this argument by failing to develop it or point to any authority supporting his contention that a defendant's intention must be to obtain *specific items* in a robbery. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by . . . failing to develop its argument—even if its [opening] brief takes a passing shot at the issue." (cleaned up)).

3

argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

*AFFIRMED*