**UNITED STATES of America,**
**Appellee,**

v.

**Roland George SCHEMBARI, Appellant.**

**No. 72-1975.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 6, 1973.

Decided Sept. 27, 1973.

Marvin D. Miller, Norfolk, Va., (court-appointed) for appellant.

Paul A. Scott, Asst. U. S. Atty., (Brian P. Gettings, U. S. Atty., E. D. Virginia, on brief) for appellee.

Before BUTZNER and FIELD, Circuit Judges, and MURRAY, District Judge.

HERBERT F. MURRAY, District Judge:

Appellant, Roland G. Schembari, was arrested on May 22, 1972 by federal officers at the Pentagon building in Arlington, Virginia, on land under the exclusive jurisdiction of the United States, and charged in a complaint with disorderly conduct, crossing a police line, and impeding and disturbing public employees in the performance of their duties. Schembari's arrest occurred during a protest demonstration by approximately one thousand persons at the Mall entrance to the Pentagon. The following day Appellant was brought before a United States Magistrate for arraignment on this charge and at that proceeding, with counsel present, Appellant elected to be tried in a United States District Court. Thereupon Appellant was released on a $50.00 cash bond.

On Friday, June 2, 1972, Mr. Schembari pleaded not guilty in United States District Court for the Eastern District of Virginia, Alexandria Division, to a criminal information charging him with disorderly conduct; impeding and disturbing public employees in the performance of their duties in violation of Title 41, C.F.R., Section 101–19.304. Over defense counsel's objection that more than a weekend was needed to adequately prepare a defense and submit pre-trial motions, a trial date was set by the Court for the following Monday, June 5, 1972. However, later in the afternoon of June 2, Appellant filed with the District Court motions for discovery, for a more definite statement, for a continuance, and a motion for an order directing the issuance of subpoenas duces tecum. That same day the Court heard Appellant's motions for a continuance and for subpoenas duces tecum and determined that both motions should be denied.

On June 5, 1972, at the commencement of the trial proceedings, Appellant's motions for a more definite statement and for discovery and a renewed motion for a continuance were argued to the Court. Appellant's motion for a more definite statement was granted in part, his remaining motions were denied. In the trial which immediately followed, Appellant was found guilty and sentenced by the Court.

As his first ground for appeal, Appellant argues that the refusal of the trial court to grant his pre-trial motions for a continuance, for discovery and inspection, for a more definite statement, and for an order directing the issuance of subpoenas duces tecum constitutes reversible error. Appellant asserts that his Fifth and Sixth Amendment rights were violated as a result of the trial court's denial of these motions.

■ Although Appellant was charged with a crime denominated a "petty" offense, it is clear that he was entitled, at his election, to a trial conducted in the United States District Court according to the Federal Rules of Criminal Procedure. 18 U.S.C. Rules 1, 54. *See* Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L.Ed.2d 530 (1972). Appellant's pre-trial motions must therefore be considered on the same footing as though a more serious underlying offense were involved. In weighing this aspect of the present appeal, the Court will examine each of the trial court's rulings on Appellant's motions without regard to the character or seriousness of the crime charged.

### Motion for a Continuance

Appellant contends that he sought a continuance from the trial court so that he might effectively seek out witnesses and evidence for his defense. More specifically, Appellant claims that he was relying heavily on the possibility that

there might be TV news film, still pictures or other visual recording of the Pentagon demonstration which would exculpate him. However, Appellant contends that he could not obtain such evidence during the intervening weekend between his arraignment and trial, and therefore the trial court's denial of his motion for a continuance wrongfully denied him effective assistance of counsel.

■ The grant or denial of a motion for a continuance is a matter which lies within the sound discretion of the trial judge. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921, 931 (1964); Avery v. State of Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377, 379 (1940); United States v. Pigford, 461 F.2d 648, 649 (4th Cir. 1972); United States v. Perchalla, 407 F.2d 821, 822 (4th Cir. 1969). The trial judge's ruling on such a motion will be set aside only if it appears he has abused his discretion. United States v. Pigford, *supra*. This necessarily depends upon the facts and circumstances of the particular case. *See* Ungar v. Sarafite, *supra* at 590 of 376 U.S., 84 S. Ct. 841.

■ In the instant case, the record does not demonstrate that the trial judge abused his discretion in denying Appellant's motion for a continuance. Nowhere does the record indicate that Appellant made any factual showing to the trial court that films or photographs of the demonstration existed. Even if the trial court were persuaded that such films existed, it had no reason to assume that Appellant would appear in any of the films, or any assurance that his appearance in any film would be relevant and material to the question of his innocence under the pending criminal information. The trial court could not feel confident on the facts before it that the grant of a continuance would be of any value in securing photographic evidence, for Appellant failed to demonstrate that the material he sought could, or would, be made available to him during the period of a continuance. Although diffi-

culties often attend trial preparation in criminal matters, resourceful counsel in the weekend between Appellant's arraignment and trial could interview witnesses and prepare a defense or failing that, document a case for a continuance. In this instance it appears that Appellant, along with others arrested at the Pentagon demonstration on May 22, 1972, had representation by a group of attorneys both at the time of his arraignment before the Magistrate on May 23, 1972 and during the two weeks before his trial. Appellant's trial counsel was not only a member of that group of attorneys, but also had personally witnessed the demonstration in question and thereby had an opportunity for direct knowledge of the facts usually not available to defense counsel. Therefore, we are satisfied that the trial court did not abuse its discretion in denying Appellant's motion for a continuance. *See* United States v. Thrower, 394 F.2d 510 (4th Cir. 1968) (per curiam).

*Motion for a More Definite Statement*

■ Appellant contends that the trial court erred in denying his motion for a more definite statement [construed as a motion for bill of particulars under Rule 7(f) F.R.Crim.P.] to the extent that he was refused an exact description of those actions which allegedly constituted his offense. Like a motion for a continuance, the grant or denial of a motion for a bill of particulars "is a matter within the sound discretion of the trial court and, in the absence of an abuse of such discretion which results in prejudice to the rights of the accused, the action of the court will not be disturbed." United States v. Dulin, 410 F.2d 363, 364 (4th Cir. 1969). Appellant was charged in a complaint and later in a criminal information with disorderly conduct and impeding and disturbing public employees in the performance of their duties, which adequately apprised him of the nature of the offense charged.

■■ It is settled that the purpose of a bill of particulars is to enable a de-

fendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense. United States v. Dulin, *supra* at 364; United States v. Chunn, 347 F.2d 717, 720 (4th Cir. 1965). The record indicates that Mr. Schembari was informed of the exact nature of his alleged offense—breaking through [police] lines; disorderly—after the prosecution turned over its entire file to Schembari. Because we believe that the underlying objectives of a Rule 7(f) motion were fully satisfied by the government's voluntary disclosure of its file, we can find no abuse of the trial judge's discretion. *See* United States v. Sullivan, 421 F.2d 676 (5th Cir. 1970).

*Motion for Discovery and Inspection*

■ By a motion filed pursuant to Rule 16 of the Federal Rules of Criminal Procedure Appellant sought discovery of "all films, photographs, tape recordings, videotapes or other audio-visual recordations made by any agent of the federal government. . . ." Upon the prosecution's representation to the trial court that after diligent inquiry, no films, tape recordings, videotapes or other such recordations were found in the hands of the government, the trial court denied, to this extent, Schembari's motion for discovery and inspection. Since the government cannot disclose what it does not have, and there was no evidence to gainsay the government's representation, we find no error in this ruling of the trial judge.

■ The prosecution, however, admitted prior to trial that a government agency possessed "some still photographs" of the demonstration which had not been viewed by Defendant Schem-

bari or by the prosecution. At the same time the prosecution stated that these photographs would not be used against Schembari at trial. Moreover, the prosecuting attorney argued that the evidentiary character of these still pictures did not require their production.

In Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), the Supreme Court established a framework for determining the prosecution's obligation, upon a *Brady* type motion, to produce evidence in its possession. The Court listed three standards by which the prosecution's conduct is to be measured: "(a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence." *Id.* at 794–795, 92 S. Ct. at 2568. In the present case, the record does not reveal that the government attempted to suppress the still photographs, nor does it reflect any specific request by Appellant for the production of the photographs, even after their existence was disclosed in open court. As to the latter two criteria, it can only be concluded that if the Appellant did not appear in the still photographs, the pictures would be neither material, nor favorable to the Appellant. On the other hand, if Appellant did appear in any or all of the photographs, it is difficult to imagine how his appearance in any of these still photographs could be favorable to his defense against a charge of disorderly conduct and breaking through police lines.[1]

*Motion for Subpoenas Duces Tecum*

Appellant also filed a motion pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure for an order directing the issuance of "John and Jane Doe" subpoenas *duces tecum* to the seven major newspaper and television organiza-

1. Even if any of the still photographs showed Appellant in a location or a posture which was at variance from the testimony of trial witnesses, the still photographs would carry no impeachment value unless they bore a time imprint and the government witnesses were able to testify to Schembari's location or posture at a precise time. The record reveals that neither of the two prosecution witnesses was able to testify at trial as to the location or posture of Mr. Schembari, with relation to a precise time frame.

tions in the Washington, D. C. metropolitan area.[2] According to Appellant's motion, certain unknown individuals, employed by the named organizations would be directed to testify at Schembari's trial in addition to bringing with them to the trial all pictorial recordings and records or notes taken by them and published for public viewing, concerning the demonstration at the Pentagon on May 22, 1972. Upon hearing, the trial court denied Schembari's motion. Appellant now contends that the refusal of the trial court to grant this motion was an error under the Sixth Amendment to the Constitution as well as Rule 17(b).

Undoubtedly, in a large crowd which is attended by a host of news reporters, it is not an easy matter to ascertain which news media are present and observing the events, or even which events are being observed or filmed by the press. However, these circumstances do not warrant an alteration of the basic concept that Rule 17 is not a discovery device. *See* Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S. Ct. 675, 95 L.Ed. 879 (1951); United States v. Marcello, 423 F.2d 993 (5th Cir.), cert. denied, 398 U.S. 959, 90 S.Ct. 2172, 26 L.Ed.2d 543 (1970); Gilmore v. United States, 256 F.2d 565 (5th Cir. 1958); 1 C. Wright, Federal Practice &

Procedure § 272 (1969). Here, the fact that the trial judge was presented with requests for "John and Jane Doe" subpoenas *duces tecum* cannot be squared with the language of Rule 17(b) which limits the discretion of the trial court to issue subpoenas "on . . . *named* witness[es]." 18 U.S.C. Rule 17(b) (emphasis supplied). Consequently, we find no error in the trial court's denial of Schembari's motion for issuance of subpoenas *duces tecum*.[3]

### Sufficiency of Evidence

Appellant argues that there was insufficient evidence upon which the trial court could properly base its conclusion that Appellant was guilty beyond a reasonable doubt. However, we find that the unrebutted testimony of a prosecution witness who observed the Appellant forcefully break through a line of United States police officers provided a legally sufficient basis for the trial court's verdict. Federal police officers are "public employees" within the meaning of 41 C.F.R. § 101–19.304. *See* 40 U.S.C. § 318. Upon the record, the trial court could have properly found that Appellant's conduct was disorderly and impeded or disturbed federal police officers in the performance of their duties at the Pentagon on May 25, 1972.[4]

2. John and Jane Doe
   The Daily News
   1013 13th Street, N.W.
   Washington, D.C.

   John and Jane Doe
   The Washington Post
   1150 15th Street, N.W.
   Washington, D.C.

   John and Jane Doe
   The Evening Star
   225 Virginia Avenue, S.E.
   Washington, D.C.

   John and Jane Doe
   WMAL
   4461 Connecticut Avenue, N.W.
   Washington, D.C.

   John and Jane Doe
   WCRC
   4001 Nebraska Avenue, N.W.
   Washington, D.C.

John and Jane Doe
WTOP
4001 Brandywine Street, N.W.
Washington, D.C.

John and Jane Doe
WTTG
5151 Wisconsin Avenue, N.W.
Washington, D.C.

3. Appellant does not argue that the requirement of Rule 17(b), that subpoenas be issued only upon *named* witnesses, is violative of the Sixth Amendment.

4. The facts of this case are clearly distinguishable from those which we considered in United States v. Crowthers, 456 F.2d 1074 (4th Cir. 1972). In Crowthers we found that a lunch hour meeting of approximately 185 persons in a large public concourse in the Pentagon Building did not support an inference that public employees were disturbed

Thus, our review of the record satisfies us that there was ample evidence on which the trial judge could base his conclusion that Schembari was guilty beyond a reasonable doubt of a violation of 41 C.F.R. § 101–19.304.

Affirmed.

or impeded in the performance of their duties, even though some obstruction was caused by a crowd of onlookers. 456 F.2d at 1077–1078. But here, the record reveals that federal police officers were detailed to form a protective cordon between a group of demonstrators and the Pentagon Building. We cannot say that an attempt to forcibly breach such a police line would not support a conclusion that the federal officers who manned the line were impeded or disturbed in the performance of their duty.