**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 95-5791

GERALD PARKER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-94-73)

Argued: June 7, 1996

Decided: July 10, 1996

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Earl Whitted, Jr., Goldsboro, North Carolina, for Appel-
lant. John Douglas McCullough, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee. **ON BRIEF:** D. Lynn Whitted,
Goldsboro, North Carolina; Janice Pilliam-Daye, Durham, North Car-
olina, for Appellant. Janice McKenzie Cole, United States Attorney,
Michael D. Tanner, Third Year Law Student, Duke University,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gerald Parker appeals his convictions for conspiring to distribute marijuana and cocaine, see 21 U.S.C.A. § 846 (West Supp. 1996), and for maintaining a place for the purpose of distributing marijuana, see 21 U.S.C.A. § 856 (West Supp. 1996). Parker asserts that the district court erred in denying his motions to suppress evidence, his motion for a bill of particulars, and his motions for a judgment of acquittal. We affirm.

I.

After learning that Parker had been involved in drug transactions with Berry Cordell Bryant, a major drug trafficker, the Drug Enforcement Agency (DEA), along with state authorities, began an investigation of Parker's activities. As a result, DEA agents learned that Parker also had been involved in drug transactions with Donald Gaskins. Gaskins, who was cooperating with the Government, consented to telephone Parker while DEA agents monitored and recorded the call. During this conversation, Parker acknowledged his prior participation in drug transactions with Gaskins. Thereafter, Parker was questioned by federal and state law enforcement officials at his place of employment regarding his participation in various drug-related transactions. Although he initially denied his involvement, Parker later admitted that he had cooperated with Bryant in arranging a meeting with Gaskins to discuss obtaining a new source of drug supplies for Bryant and that he had permitted his home to be used for the sale of marijuana on several occasions.

Based on the evidence obtained in this investigation, Parker was indicted on one count of conspiring to distribute marijuana and cocaine, see 21 U.S.C.A. § 846; one count of aiding and abetting the distribution of marijuana, see 18 U.S.C.A.§ 2 (West 1969); 21

2

U.S.C.A. § 841(a)(1) (West 1981); and two counts of maintaining a place for the purpose of distributing marijuana, see 21 U.S.C.A. § 856. Parker filed a motion for a bill of particulars, which the magistrate judge denied on the basis that the Government had provided full disclosure of its materials. See 28 U.S.C.A.§ 636(b)(1)(A) (West 1993). Parker also moved to suppress the recording of his telephone conversation with Gaskins, arguing that it was made in violation of the Fourth Amendment and that a court order permitting the recording was not obtained as required by 18 U.S.C.A. § 2518 (West 1970 & Supp. 1996). And, he moved to suppress any statements he made during the visit of the law enforcement officials to his office on the grounds that the agents failed to inform him of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). The magistrate judge recommended that the motions be denied, concluding that the recording was admissible because Gaskins voluntarily consented to the monitoring and that Miranda warnings were not required during the visit of the law enforcement officials to Parker's office because he was not in custody. The district court accepted the recommendation. See 28 U.S.C.A. § 636(b)(1).

At trial, the Government introduced the recording of the conversation between Gaskins and Parker in which Parker admitted his involvement in various drug transactions, as well as testimony regarding the admissions Parker made when he was interviewed at his place of employment. Additionally, Bryant testified that he met with Parker and Gaskins at Parker's request to discuss prices and quantities of both cocaine and marijuana that Bryant might obtain. Further, the jury heard testimony that Parker was present during various drug transactions and that he was compensated for his assistance in two sales of marijuana that were conducted in Parker's home.

Following the close of the Government's case, the district court granted Parker's motion for a judgment of acquittal as to the count of aiding and abetting the distribution of marijuana. After Parker presented evidence, he again moved for a judgment of acquittal on the remaining counts, but the motion was denied. The jury acquitted Parker of one count of maintaining a place for the distribution of marijuana, but convicted him of the two remaining counts. Parker once more moved for a judgment of acquittal, but the district court again denied the motion.

3

II.

We conclude that the various allegations of error raised by Parker are without merit. The district court did not err in denying Parker's motion to suppress the recording of his telephone conversation with Gaskins because Gaskins had consented to the electronic interception by the DEA agents. See 18 U.S.C.A. § 2511(2)(c) (West Supp. 1996); United States v. Tangeman, 30 F.3d 950, 952 (8th Cir.), cert. denied, 115 S. Ct. 532 (1994). Nor was it error to deny the motion to suppress statements Parker made during the questioning by law enforcement agents because the objective circumstances of the interrogation support the conclusion that Parker was not in custody at the time he made the statements. See Stansbury v. California, 114 S. Ct. 1526, 1528-29 (1994) (per curiam). It was not an abuse of discretion to deny Parker's motion for a bill of particulars because the Government satisfied its obligation to inform him of the charges against him by disclosing the contents of its files to him. See United States v. Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973). The district court properly denied Parker's motions for a judgment of acquittal because the evidence, viewed in the light most favorable to the Government, was sufficient to support the jury's verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942). There was no constructive amendment of the indictment because Parker was not "convicted of an offense omitted from the indictment." United States v. Fletcher , 74 F.3d 49, 53 (4th Cir. 1996). Finally, any variance between the allegations in the indictment and the evidence produced at trial was not fatal because the indictment adequately notified Parker of the charges against him and sufficiently defined the offenses so as to permit the assertion of double jeopardy against any subsequent prosecution for the same offenses. See United States v. Barsanti, 943 F.2d 428, 438-39 (4th Cir. 1991), cert. denied, 503 U.S. 936 (1992).

III.

We have reviewed Parker's remaining arguments and determine that they are without merit. Consequently, we affirm his convictions for the reasons set forth above.

AFFIRMED

4