**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4698**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ROBERT RONALD GIBSON,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Robert G. Doumar, Senior District Judge.  (4:06-cr-00146-RGD-TEM-2)

Submitted:  April 20, 2009                  Decided:  May 14, 2009

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Trey R. Kelleter, VANDEVENTER BLACK LLP, Norfolk, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Richard Cooke, Scott W. Putney, Assistant United States Attorneys, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Ronald Gibson was convicted by a jury of conspiracy to possess with intent to distribute and to distribute cocaine base and other controlled substances, in violation of 21 U.S.C. § 846 (2006), five counts of possession of cocaine base with intent to distribute and one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a) (2006), five counts of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006), and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Gibson was sentenced to five concurrent terms of life imprisonment, plus a total of 1260 months' imprisonment to be served consecutively. Gibson challenges the district court's denial of his motion for a bill of particulars and the sufficiency of the evidence. Finding no error, we affirm.

Gibson first challenges the district court's denial of his motion for a bill of particulars. Whether a bill of particulars wrongly was denied is reviewed for abuse of discretion. See United States v. MacDougall, 790 F.2d 1135, 1153 (4th Cir. 1986). A bill of particulars is appropriate when an indictment fails to provide adequate information to allow a defendant to understand the charges and to avoid unfair surprise. See United States v. Am. Waste Fibers Co., Inc., 809

F.2d 1044, 1047 (4th Cir. 1987); United States v. Jackson, 757 F.2d 1486, 1491 (4th Cir. 1985); United States v. Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973). "[A] defendant may show abuse of discretion . . . by proving unfair surprise." Jackson, 757 F.2d at 1491 (citing Wong Tai v. United States, 273 U.S. 77, 82 (1927)).

We have thoroughly reviewed the record and find that Gibson has failed to demonstrate that he suffered any unfair surprise as a result of the district court's denial of his motion for a bill of particulars. We therefore find that the district court did not abuse its discretion in denying Gibson's motion for a bill of particulars.

Gibson also challenges the sufficiency of the evidence to support four of the counts of possession of cocaine base with intent to distribute, the count of distribution of cocaine base, and four of the counts of possession of a firearm in relation to a drug trafficking crime. We review de novo a district court's denial of a Fed. R. Crim. P. 29 motion. United States v. Reid, 523 F.3d 310, 317 (4th Cir.), cert. denied, 129 S. Ct. 663 (2008). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial

evidence.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (citations omitted). "[S]ubstantial evidence [i]s evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

With these standards in mind, we have thoroughly reviewed the trial transcript. Our review convinces us that the evidence supports the jury's verdict. See United States v. Stephens, 482 F.3d 669, 673 (4th Cir. 2007) (setting forth elements of § 924(c)(1) offense); United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005) (discussing elements of offense of distribution of controlled substance); United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005) (discussing elements of possession with intent to distribute offense). We therefore find that the district court did not err in denying Gibson's Rule 29 motion.

Accordingly, we affirm the judgment of the district court. We also deny the motions for leave to file a pro se

4

supplemental brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>