**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4180**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROBERT KEITH ADAMS,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   James C. Turk, Senior
District Judge.  (7:06-cr-00112-jct-1)

─────────────

Argued:  May 15, 2009                 Decided:  June 29, 2009

─────────────

Before MICHAEL, SHEDD, and AGEE, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded for resentencing
by unpublished per curiam opinion.

─────────────

**ARGUED:** Terry Neill Grimes, GRIMES & WILLIAMS, P.C., Roanoke,
Virginia, for Appellant.   Jean Barrett Hudson, OFFICE OF THE
UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.
**ON BRIEF:** Melvin E. Williams, GRIMES & WILLIAMS, P.C., Roanoke,
Virginia, for Appellant.   Julia C. Dudley, Acting United States
Attorney, Roanoke, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Keith Adams was convicted of obstruction of proceedings in an official investigation, in violation of 18 U.S.C. § 1505, and making a materially false statement, in violation of 18 U.S.C. § 1001(a)(2). Adams appeals, raising twelve separate arguments challenging the district court's resolution of pre- and post-trial motions, the admission of certain evidence, the sufficiency of the evidence, the propriety of certain jury instructions, and the fairness of his trial due to alleged prosecutorial misconduct.

The Government concedes that Adams' conviction for obstruction should be vacated, and contends that this concession makes most of Adams' remaining arguments moot. The Government further contends the evidence was sufficient to convict Adams on the material false statement charge, and that any errors that may have occurred regarding that charge were harmless.

For the reasons set forth below, we affirm Adams' conviction for making a false statement. However, because the Government concedes that Adams' conviction for obstruction should be vacated, we vacate Adams' conviction for that count and remand for resentencing.

I.

Prior to his arrest, Adams was a Sergeant with the Henry County Sheriff's Department ("HCSD"). In March 2005, a joint-agency investigation revealed wide-spread corruption and criminal activity within the HCSD. As a result of the investigation, at least twenty individuals in the HCSD, including Adams, were prosecuted for federal crimes.

In a six-count indictment, Adams was charged with relieving, comforting and assisting a person who had committed an offense against the United States in order to hinder or prevent that person's apprehension, trial and punishment, in violation of 18 U.S.C. § 3 ("Count I"); concealing knowledge of the commission of a narcotics felony by performing acts in violation and contravention of his sworn duties as a law enforcement officer, in violation of 18 U.S.C. § 4 ("Count II"); obstruction of justice by impeding an official investigation, in violation of 18 U.S.C. § 1512(c)(2) ("Count III"); obstruction of justice by impeding an agency proceeding, in violation of 18 U.S.C. § 1505 ("Count IV"); and two counts of making false material statements to a government agent, in violation of 18 U.S.C. § 1001(a)(2) ("Count V" and "Count VI").

Prior to trial, the district court dismissed Count III. Adams was tried by a jury on the five remaining counts. He was acquitted on Counts I, II, and VI, but convicted by the jury on

Counts IV and V.  The district court sentenced Adams to separate terms of imprisonment of 12 months and one day for each count, to run concurrently, and to a period of 24 months' supervised release on each count, also to run concurrently.

Adams noted a timely appeal, raising twelve issues of alleged error.  Additional facts relating to each issue will be discussed in context.

II.

A.

Several of Adams' arguments challenge his conviction on Count IV, for obstruction of proceedings in an official investigation, in violation of 18 U.S.C. § 1505.  As noted, the Government concedes "for purposes of this appeal that a criminal investigation by the [Drug Enforcement Agency] or [Federal Bureau of Investigation] is not a 'pending proceeding' within the scope of 18 U.S.C. § 1505, and requests that Adams' conviction on Count [IV] be vacated . . . ."  (Appellee's Br. 15.)  In light of the Government's concession, we will vacate Adams' conviction on Count IV.  Furthermore, because of this

4

disposition, we need not address Adams' remaining arguments challenging his conviction on that charge.[1]

B.

Adams also challenges the sufficiency of the evidence to convict him on Count V. In assessing the sufficiency of the evidence, the Court determines whether the jury's verdict is sustained by "substantial evidence, taking the view most favorable to the Government, to support it." United States v. Pierce, 409 F.3d 228, 231 (4th Cir. 2005) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)) (internal quotation marks omitted). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

Count V charged Adams with making a false material statement to agents of the Federal Bureau of Investigation ("FBI"), in violation of 18 U.S.C. § 1001(a)(2). This statute

---

[1] In addition to raising several arguments directly challenging his conviction on Count IV, Adams contends that his convictions for Counts IV and V violated the Double Jeopardy Clause. Because we are vacating his conviction as to Count IV, this argument is also moot. See United States v. Bass, 310 F.3d 321, 323 (5th Cir. 2002) (holding Double Jeopardy argument is moot where the court had held that one of the convictions at issue must be vacated for other reasons); United States v. Otis, 127 F.3d 829, 835 (9th Cir. 1997) (same).

prohibits an individual from "knowingly and willfully" making "any materially false, fictitious, or fraudulent statement or representation" "in any matter within the jurisdiction of the executive . . . branch of the Government." 18 U.S.C.A. § 1001(a)(2) (West 2000 & Supp. 2008). Adams asserts the Government failed to meet its burden of proving Adams "knowingly and willfully made a false statement" to the FBI Agents. (Appellant's Br. 44.)

The evidence adduced at trial showed that James Vaught, a former HCSD officer, eventually cooperated with investigators and agreed to wear a wire to record conversations with other members of the HCSD. The Government recorded a January 2006 conversation between Vaught and Adams, during which Vaught told Adams he was looking for known drug dealer Wilbert Brown in order to sell him a half-kilogram of cocaine.

On March 24, 2006, FBI Agents Stan Slater and Mark Austin (collectively "the Agents") interviewed Adams as part of their investigation. During that recorded interview, Adams twice told the Agents he had no idea why Vaught had been looking for Brown in January 2006. In light of these recordings, which were played for the jury, we conclude that sufficient evidence exists to support the guilty verdict as to Count V.

6

C.

Adams contends the district court erred in denying several pre-trial motions: a motion to suppress the March 24, 2006 statements to the FBI Agents, a motion to dismiss the indictment, a motion to order a bill of particulars, and a motion to order separate trials of each count. We address each claim in turn.

Adams argues the district court should have suppressed all of the statements he made during the March 24, 2006 interview with the Agents because they promised him that any statements made during that interview would be kept confidential. As a consequence, Adams contends that using his statements to the Agents as the basis for Count V violated what effectively was a promise of immunity.[2] In reviewing the denial of a motion to suppress, this Court "reviews the district court's factual findings for clear error, and its legal conclusions de novo." United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007). Adams' argument fails because the transcript of the March 24, 2006 interview shows that the Agents did not promise Adams immunity from prosecution. The context of their statements

_____

[2] The Government also relied on statements Adams made in the March 2006 interview as part of its proof regarding Count VI. However, because Adams was acquitted of that charge, his argument related to Count VI is moot because acquittal afforded him a complete remedy. See United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993).

7

shows that they would not report anything Adams told the Agents to Adams' supervisors in the HCSD. The Agents clearly and repeatedly told Adams that anything he told them could be used to prosecute him. Furthermore, the transcript of the March 24, 2006 interview shows that Adams first told the Agents that he did not know why Vaught wanted to find Brown prior to the Agents' purported promise of confidentiality. Although Adams subsequently reiterated his statement, Adams' initial statement alone was sufficient to convict Adams of making a material false statement to the Agents, as charged in Count V. Accordingly, the district court did not err in denying Adams' motion to suppress.

Adams next contends the district court erred by failing to dismiss the indictment because the indictment lacked specificity with regard to Counts I, II, and IV. Adams' argument is unavailing as to Counts I and II because he was acquitted of those counts. That acquittal afforded him a complete remedy to any perceived error. See Burns, 990 F.2d at 1439. Similarly, no error is cognizable as to Count IV because we are vacating Adams' conviction as to that count, so this contention is now moot. See Consolidation Coal Co. v. Local 1643, 48 F.3d 125, 130 n.6 (4th Cir. 1995).

Adams also asserts the district court abused its discretion by failing to order a bill of particulars. See United States v.

8

MacDougall, 790 F.2d 1135, 1153 (4th Cir. 1986) (review is for abuse of discretion). Adams maintains that the indictment's allegations were too vague for him to adequately prepare for trial, and that a bill of particulars was necessary to pinpoint the location of any information in the voluminous evidence that the Government planned to use against him.

"[T]he purpose of a bill of particulars is to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." United States v. Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973). However, the purpose of a bill of particulars is "fully satisfied" when the Government turns over its entire file to the defendant. Id. at 935.

Here, the Government maintained an open file policy, informed Adams that all the evidence against him would be found in transcripts of Vaught's recordings, and provided electronically-searchable transcripts of those recordings. Moreover, Adams' arguments during the motion to dismiss the indictment show that Adams knew specifically what the Government's evidence was well before trial. On this record, it is clear that the purpose of a bill of particulars was

9

fulfilled, and the district court did not abuse its discretion in refusing to grant Adams' motion.

Adams contends the court should have ordered separate trials on the various counts of the indictment. Specifically, he asserts there should have been separate trials on Counts I and II, Count V, and Count VI because although Counts I and II related to each other, the other counts were not properly joined and a single trial was prejudicial. "Whether offenses in an indictment are improperly joined under [Fed. R. Crim. P. 8(a)] is a question of law reviewed de novo." United States v. Cardwell, 433 F.3d 378, 384-85 (4th Cir. 2005). Whether the district court erred in denying a Rule 14 motion to sever properly-joined charges is reviewed for abuse of discretion. Id. at 385. The principles governing joinder are clear:

> Under Federal Rule of Criminal Procedure 8(a), a single indictment may charge a defendant with multiple counts if the offenses charged are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Joinder of related charges is broadly permitted to avoid needless duplication of judicial proceedings, particularly where evidence of one charge would be admissible to prove another charge. Nonetheless, Rule 14(a) provides that [i]f the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trials of counts. The party seeking severance bears the burden of demonstrating a strong showing of prejudice, and we are mindful that the district court's denial of a motion to sever should be left undisturbed, absent a showing of clear prejudice or abuse of discretion.

10

United States v. Branch, 537 F.3d 328, 341 (4th Cir. 2008) (internal quotation marks and citations omitted) (alterations in original).

We conclude the charges were properly joined in a single indictment and the district court did not abuse its discretion in permitting a single trial of all the charges against Adams. The charges that went to trial all stemmed from Adams' purported knowledge of criminal conduct at HCSD, his efforts to conceal that activity, and his subsequent failure to be forthcoming to FBI Agents during their investigation into HCSD. Accordingly, the charges were of a similar character and were sufficiently connected to be joined in the same indictment.

Having determined the charges were properly joined, we next consider whether the district court abused its discretion by failing to sever the charges. It is readily apparent from the record that "[t]rying the [charges] separately would have led to significant inconvenience for the government and its witnesses, and required needless duplication of judicial resources in light of the legal, factual, and logistical relationship between the charges." See United States v. Mir, 525 F.3d 351, 357 (4th Cir. 2008). As just two examples, Agent Slater testified as to key evidence related to all of the charges against Adams, and Vaught's testimony related to Counts I, II, IV, and V. In light of the district court's broad authority to permit a single trial

of properly-joined charges, we find no error in the exercise of its discretion doing so.

### D.

Adams claims the admission of two pieces of evidence constituted prejudicial error. First, he asserts the admission of his testimony on cross-examination that he had an extramarital affair was irrelevant and highly prejudicial. Second, he asserts the testimony of Wynona Dudley as to statements made by her deceased boyfriend, Calvin Rayfield Moore, were inadmissible under the Federal Rules of Evidence governing admission of hearsay.

Adams filed a motion in limine to exclude any evidence that he had an extramarital affair. The district court deferred a decision on that motion to "see how the evidence develop[ed]" at trial. (J.A. 210.) Although the Government asked Adams during cross-examination whether he had engaged in extramarital affairs, Adams did not object. Accordingly, this Court reviews the admission of that evidence for plain error. United States v. Ellis, 121 F.3d 908, 918 (4th Cir. 1997) (holding review is limited to plain error when a district court defers ruling on a motion in limine regarding certain evidence and the defendant fails to object when that evidence is subsequently introduced during trial).

12

Under the plain error standard of review, to establish our authority to notice an error not preserved by a timely objection, a defendant must demonstrate (1) that an error occurred, (2) that the error was plain, and (3) that it affected his substantial rights. If the defendant satisfied these threshold requirements, correction of the error is within our discretion, which is "appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

United States v. Farrior, 535 F.3d 210, 222 (4th Cir. 2008) (quoting United States v. Promise, 255 F.3d 150, 161 (4th Cir. 2001) (en banc)). We conclude the admission of this evidence cannot be said to have affected Adams' substantial rights or the fairness of the trial in light of the overwhelming evidence of Adams' guilt as to Count V.

More troubling was the admission, over Adams' objection, of Dudley's hearsay testimony as to statements her deceased boyfriend, Moore, purportedly made to her. Dudley testified Moore told her that Adams accepted payoffs from him in order for Moore to continue dealing drugs. Adams asserts the admission of this hearsay testimony constituted prejudicial error because it was not admissible under any of the exceptions regarding the admissibility of hearsay evidence. Adams further contends that even though the testimony directly related to Counts IV and VI, its admission deprived Adams of a fair trial on the remaining charges against him, including Count V.

13

When the issue has been properly preserved, decisions regarding the admission of evidence are reviewed for abuse of discretion. United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996) (en banc). Evidentiary rulings are also subject to review for harmless error under Fed. R. Crim. P. 52(a) and will be found harmless if the reviewing court can conclude, "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997) (internal quotations omitted.)

Even assuming the district court erred in admitting Dudley's hearsay testimony, we conclude its admission was harmless. "In order for an error to have a substantial and injurious effect or influence, it must have affected the verdict . . . . [A]n error is harmless when the error did not substantially sway or substantially influence" the jury's decision. United States v. Iskander, 407 F.3d 232, 240 (4th Cir. 2005) (quoting Cooper v. Taylor, 103 F.3d 366, 370 (4th Cir. 1996)). Any error in the admission of Dudley's testimony was harmless because the jury acquitted Adams on all but two counts, we are vacating Adams' conviction as to Count IV on other grounds, and – as detailed above in section III.B. – the evidence as to Adams' guilt on Count V is completely independent of Dudley's testimony and plainly sufficient to support his

14

conviction. Accordingly, the admission of Dudley's testimony cannot be said to have "substantially influence[d]" the jury's decision, and any error in the admission of that testimony was harmless.

E.

Adams asserts he was denied his constitutional right to a fair trial because the Government improperly argued during its opening and closing, as well as through witness questioning, that Adams should be convicted because he associated with individuals in the HCSD who had been convicted for their criminal conduct.

We have reviewed the record, including the portions of the Government's opening and closing arguments and its questioning of witnesses that Adams challenges as improper. We conclude the Government did not cross the line into impermissible assertions of guilt by association when it elicited brief, background information from Agent Slater as to his investigation of the HCSD and its witnesses regarding their participation in corrupt acts with which Adams was not charged.

Unlike the cases relied upon by Adams, his charged conduct – assisting in covering up criminal activity, obstruction of justice, and providing false statements during a government investigation – were linked to a broader scheme of criminal activity in the police unit and the federal investigation into

15

that conduct. Consequently, evidence of Vaught's criminal conduct and Adams' knowledge of and assistance thereto were necessary aspects of proving the charges against Adams. In addition, the Agents' investigation of HCSD provided important information into Adams' conduct, including the recorded conversation between Vaught and Adams and the context of the March 24, 2006 interview between the Agents and Adams. Similarly, the Government's opening and closing arguments did not suggest the jury should convict Adams based on others' criminal conduct, but rather based on Adams' own conduct in the midst of corruption occurring throughout the HCSD. Because the Government's arguments targeted Adams' own behavior in assisting or covering up others' criminal conduct, and his false statements to the FBI Agents during their investigation of the HCSD, Adams was not denied a fair trial.

F.

Adams contends the jury instructions related to Count V "confused the jury as to whether it was required to unanimously agree on the specific false statements made by Adams" and therefore had the potential to deny Adams a fair trial by allowing for conviction without the requisite unanimous agreement. (Appellant's Br. 44-45.) When a party challenges jury instructions as creating jury confusion, the Court must determine "whether there is a reasonable likelihood that the

16

jury has applied the challenged instructions in a way that violates the Constitution." Jones v. United States, 527 U.S. 373, 390 (1999) (internal quotation marks omitted). Here, the district court instructed the jury:

> Counts Five and Six of the indictment, which charge the defendant with the knowing and willful submission of false, fictitious, or fraudulent statements alleges a number of false or fraudulent statements. The government is not required to prove that all of these statements that are alleged in Counts Five and Six of the indictment as false are in fact false.
> Each juror must agree, however, with each of the other jurors that the same statement or representation alleged in Count Five and Count Six respectively to be false, fictitious, or fraudulent is in fact false, fictitious, or fraudulent.
> The jury need not unanimously agree on each such statement alleged, but, in order to convict, must unanimously agree upon at least one such statement as false, fictitious, or fraudulent when knowingly made or used by the defendant.
> Unless the government has proven the same false or fraudulent statement to each of you beyond a reasonable doubt, you must acquit the defendant of the charge in either Count Five or Six of the indictment.

(J.A. 896-97.) We do not find that these instructions created a reasonable likelihood that the jury applied them in a way that violates the Constitution. Jurors are presumed to follow proper jury instructions. See United States v. Williams, 461 F.3d 441, 451 (4th Cir. 2006). The instructions clearly state that the jury must "unanimous agree upon at least one" statement the Government alleged was "false, fictitious, or fraudulent when

17

made or used by" Adams.  Thus, Adams' jury instruction argument is without merit.

G.

Lastly, Adams asserts numerous instances of prosecutorial misconduct, which he contends prevented him from receiving a fair trial.  We have reviewed each claim and find those claims either lack merit or fail to allege conduct that "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  See United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks omitted).[3]

---

[3] Adams' final assertion of error is the district court's failure to grant his motion for judgment of acquittal or, in the alternative, for a new trial.  Adams does not raise any new arguments related to this issue, but relies on the reasons set forth in his individual assertions of error.

The Court reviews de novo the district court's denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Reid, 523 F.3d 310, 317 (4th Cir.), cert. denied, 129 S. Ct. 663 (2008).  In conducting this review, "the verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).  As noted above, "substantial evidence" is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  Burgos, 94 F.3d at 862.  We review a district court's denial of a Rule 33 motion for a new trial for abuse of discretion.  United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006).

For the reasons set forth above, substantial evidence supported Adams' conviction on Count V.  Accordingly, the district court did not err in denying Adams' motion for judgment of acquittal and it did not abuse its discretion in denying his motion for a new trial.

18

Only one of Adams' assertions warrants any discussion. Adams contends the Government's closing argument improperly attacked defense counsel's integrity, and thereby prejudiced Adams' ability to receive a fair trial. In analyzing a "due process claim premised on unfair prosecutorial conduct," the Court examines several factors, including "the nature of the prosecutorial misconduct, the extent of the improper conduct, the issuance of curative instructions from the court, any defense conduct inviting the improper prosecutorial response, and the weight of the evidence." Humphries v. Ozmint, 397 F.3d 206, 218 (4th Cir. 2005) (en banc) (internal citations omitted).

Adams points to comments made by the Government during rebuttal, and we conclude that they did not unfairly prejudice the defendant in light of the "invited response" doctrine. As the Supreme Court has stated:

> The [prosecutor's] remarks must be examined within the context of the trial. . . . In this context, defense counsel's conduct, as well as the nature of the prosecutor's response is relevant. Indeed most Courts of Appeals . . . have refused to reverse convictions where prosecutors have responded reasonably in closing argument to defense counsel's attacks, thus rendering it unlikely that the jury was led astray.
> . . . . [T]he issue is not the prosecutor's license to make otherwise improper remarks, but whether the prosecutor's 'invited response,' taken in context, unfairly prejudiced the defendant.
> In order to make an appropriate assessment, the reviewing court must not only weight the impact of the prosecutor's remarks, but must also take into account defense counsel's opening salvo. Thus the import of the evaluation has been that if the prosecutor's

remarks were "invited," and did no more than respond substantially in order to "right the scale," such comments would not warrant reversing a conviction.

United States v. Young, 470 U.S. 1, 12-13 (1985).

Here, defense counsel's closing argument called into question the integrity of the FBI Agents, the Government's witnesses, and even the prosecutors themselves. (Supp. J.A. 1167-69, 1172, 1177.) Accordingly, the Government's rebuttal statements responded to defense counsel's contentions and did not unfairly prejudice Adams.


### III.

For the aforementioned reasons, we affirm the judgment of the district court as to Adams' conviction on Count Five (making a material false statement), and vacate the judgment as to Count Four (obstruction of justice). We remand for resentencing on Count Five.

AFFIRMED IN PART, VACATED IN PART,
AND REMANDED FOR RESENTENCING